CHARLES B. CASTLE and Another, Plaintiffs, *v.* ROCHESTER SELF BINDER COMPANY, INC., and Others, Defendants.

Supreme Court, New York County, June 7, 1928.

Corporations — liability on assumption of obligation of another corporation — moving defendant having received assets and expressly assumed liabilities, is liable on contract held by plaintiffs.

One of the defendant corporations has moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges that another corporation defendant and its officers employed plaintiffs to procure capital for the corporation; that plaintiffs did procure capital; that the moving defendant took over all the assets and liabilities of said corporation, one of which was its obligation to pay plaintiffs the reasonable value of their services.

Although the complaint is not well drawn, still it seems that the plaintiffs have stated a cause of action based on the theory that the moving defendant received the assets and expressly assumed the liabilities of the contracting defendant.

MOTION by defendant, Book Building Binder Corporation, to dismiss complaint against it on ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action.

*John T. Fenlon*, for the plaintiffs.

*O'Brien, Boardman, Fox, Memhard & Early* [*Maurice Wahl* of counsel], for the defendant Book Building Binder Corporation.

FRANKENTHALER, J.   The amended complaint alleges that defendant Rochester Self Binder Company, Inc., and its officers, Sanders and Foulkes, employed the plaintiffs to procure capital for the corporation; that plaintiffs did procure Paul Plunkett & Company, Inc., which entered into a written agreement to furnish $110,000 in cash capital; that the aforesaid agreement was actually carried out; that the moving defendant took over all the assets and liabilities of the Rochester Self Binder Company, Inc., one of which was its obligation to pay plaintiffs the fair and reasonable value of their services in obtaining the necessary capital, and that during the pendency of the negotiations with Paul Plunkett & Company, Inc., the Rochester Self Binder Company, Inc., and Sanders had agreed to pay plaintiffs fair and reasonable compensation for their services.   Although the pleading under consideration can hardly be said to have been artistically drawn, nevertheless, indulging every intendment in favor of the pleader, it seems to state a good cause of action based on the theory that the moving defendant received the assets and expressly assumed the liabilities of the Rochester Self Binder Company, Inc., including the latter's obligation to pay plaintiffs for their services.   (See *Hydraulic Power Co.* v. *Pettebone-Cataract P. Co.*, 198 App. Div. 644, 654.)   The argument that the agreement between Paul Plunkett & Company, Inc., on the one hand, and Sanders and Foulkes on the other, contains no provision for the assumption by the Book Building Binder Corporation of any liability for plaintiffs' services apparently overlooks the fact that the complaint nowhere alleges that said agreement embodied any such assumption.   Plaintiffs aver, both in paragraph 3 and in paragraph 5, that such an assumption of liabilities did take place, but they make no claim that this was provided for or accomplished by the agreement annexed to the complaint.   For the reasons indicated the amended complaint appears to be sufficient and the motion to dismiss is accordingly denied.   Order signed.